FILED
2020 Mar-13 AM 09:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| KOLAWOLE MONDAY ONENESE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WILLIAM BARR, ) <br> ) <br> Respondent. ) | Case No.: 4:19-cv-01643-KOB-JHE |

## **MEMORANDUM OPINION**

This matter comes before the court on the Respondent's motion to consolidate, or, in the alternative, to dismiss Petitioner Kolawole Monday Onenese's filing, which has been construed as a 28 U.S.C. § 2241 petition for a writ of habeas corpus. (Doc. 7, doc. 1). The magistrate judge filed a report on December 17, 2019, recommending that the court grant the Respondent's motion and dismiss the petition as duplicative. (Doc. 8). The Respondent filed objections to the magistrate judge's report and recommendation. (Doc. 16).

Because this case has a relatively complicated history, some background information provides helpful context. In March of 2019, prior to filing the instant action, the Petitioner filed in this court a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities and demanding his release on an order of supervision. (*See Onenese Kolawole Monday v. Barr*, No. 4:19-cv-0365-LSC-TMP, doc. 1 (N.D. Ala.) (citing 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis,* 533 U.S. 678 (2001))). In his § 2241 petition, the Petitioner argued that he was being unlawfully detained because the time for removal following the entry of a final removal order against him had elapsed. In that petition, the Petitioner

1

detailed an occasion on January 9, 2019, in which he resisted ICE's attempt to force him to board a plane to deport him to his home country of Nigeria.

The government filed a response in that case, arguing that the Petitioner's continued detention resulted from his obstruction of the removal process. (*Onenese Kolawole Monday v. Barr*, No. 4:19-cv-0365-LSC-TMP, doc. 3). The response stated that the Petitioner would remain in noncompliance with ICE, and thus in obstruction of his removal process, as long as he continued trying to thwart ICE's removal efforts. The Petitioner filed a reply, arguing, in part, that he was not actually noncompliant with ICE's invalid attempts to deport him. (*Id.*, doc. 14, doc. 16). That case remains pending in front of Judge Coogler.

On October 8, 2019, the Petitioner filed this action, which he titled "Petition for A Writ of Mandamus." (Doc. 1). In his filing, the Petitioner alleges that ICE has abused its discretion by issuing repetitive notices of failure to comply with removal efforts, based in part on the January 9, 2019, incident. (Doc. 1 at 3, 6) (citing to 8 C.F.R. § 241.1(g)). The Petitioner requests that the court require ICE to cease issuing "cumulative, non-prohibitive, and monotonous notice[s] of failure to comply." (Doc. 1 at 5). He argues that ICE only issues the notices to gain an unfair advantage in his pending § 2241 case. He further asserts that ICE's actions are undermining his ability to be released on parole and states that the court should compel ICE to exercise its discretion and release him from custody.

After the magistrate judge entered an order to show cause, the Respondent filed a motion to consolidate this case with the case pending in front of Judge Coogler, treating both cases as § 2241 petitions addressing the same facts. (Doc. 7). Alternatively, the Respondent requested that the instant case be dismissed as duplicative of the Petitioner's prior action pending in front of Judge Coogler.

The magistrate judge entered a report, construing the Petitioner's filing as a § 2241 petition and recommending that the case be dismissed as duplicative. (Doc. 8). The report focuses in large part on the fact that both filings seek release from federal custody.

The Petitioner filed objections to the report and recommendation, arguing that his filing in the instant case is different from his other pending action because this action merely seeks to prevent ICE from serving notices of failure to comply with removal efforts. (Doc. 16). However, even the Petitioner admits that the two actions are "overlapping" and that the "center piece of Respondent's petition to Petitioner's petition for writ of habeas corpus was the unsubstantiated allegation of failure to comply." (*Id.* at 2). He argues, however, that his instant filing is narrower in scope than his pending § 2241 petition. He also asserts that the "major prayer" for relief of his self-described mandamus petition is "to stop the abuse of discretion by ICE in his appraisal system which is based on compulsive issuance of notice of failure." (*Id.* at 6).

The court **OVERRULES** the Petitioner's objections. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The Petitioner cannot meet either requirement to justify this extraordinary remedy. First, he clearly has not exhausted all other avenues of relief because his admittedly overlapping § 2241 petition remains pending. Resolution of that petition in accordance with Eleventh Circuit precedent will necessarily include examination of his January 9, 2019, refusal to board the plane, his ongoing litigation, and the notices of failure to comply with removal—the same issues the Petitioner raises in this action. Second, the Petitioner does not allege that ICE owes him a clear nondiscretionary duty; in fact, he claims that ICE is abusing its discretion. Therefore, especially considering that the Petitioner's filing requests his

release from federal custody, the filing more closely resembles a § 2241 petition for a writ of habeas corpus than a mandamus petition. Because the instant construed § 2241 petition deals with facts encompassed by the § 2241 petition pending in front Judge Coogler, the court agrees with the magistrate judge that the instant filing should be dismissed as duplicative.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation.

Accordingly, the court **GRANTS** the Respondent's motion to dismiss and **DISMISSES** this action as duplicative. To the extent Onenese wishes to amend his petition in Case No. 4:19-cv-0365-LSC-GMB and/or submit additional documents in support of that petition, he must file a motion in that case.

**DONE** and **ORDERED** this 13th day of March, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE